## THEO GROTE et ux v. STATE TAX COMMISSION

John R. Hay, Portland, Oregon, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered June 23, 1967.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from an income tax deficiency assessed by the defendant for 1962.

The issue is before the court on a demurrer to the complaint on the grounds that the facts alleged do not constitute a cause of suit.

In 1939, while Theo Grote was a resident of the

State of Washington, he inherited certain farm and ranch land appraised at that time at a value of $33,700. In 1956, while still a resident of Washington, he exchanged the inherited Washington lands for a cattle ranch in Oregon. The parties to that exchange agreed that the value of each property was $91,800. Subsequently the plaintiff moved to and became domiciled in Oregon. In 1962 he sold the Oregon ranch and in his Oregon tax return for that year plaintiff used $91,800 as the basis for computing the gain realized on the sale of the Oregon property. The tax commission contended that plaintiff's basis in the Oregon property was $33,700, the appraised value of plaintiff's Washington property when he inherited it in 1939. The use of the lower basis increased plaintiff's taxable income by $58,100.

The question is whether plaintiff's basis in the Oregon property is $91,800, the agreed value of the property in the exchange, or $33,700, the value of the Washington property when plaintiff inherited it in 1939.

■ The opinion and order of the tax commission states that plaintiff's basis in the Oregon property is governed by ORS 316.266(6) because the original Washington property had been acquired by inheritance. That subsection states:

> "(6) If the property was acquired by bequest, devise, descent or inheritance, or by the decedent's estate from the decedent the basis shall be the same as if the property had been purchased for its fair market value at the date of the death of the decedent.   *   *   *"

Subsection (6) above refers to "the" property acquired by inheritance. It is abundantly clear that the

above statute does not apply to determine plaintiff's basis in the Oregon ranch because the Oregon ranch was not the property "acquired by bequest, devise, descent or inheritance" but was purchased from a third party and paid for by exchanging the Washington property.

■ The defendant alternatively contends that plaintiff's basis in the Oregon property should be determined under ORS 316.266(8)(a) since the Oregon property was received in exchange for the inherited Washing property. That statute states, in part:

"(8)(a) If the property was acquired after December 31, 1929, *upon an exchange to which ORS 316.281 applies* the basis of the property permitted to be received under such section without the recognition of gain or loss shall be the same as that of the property exchanged  *  *  *." (Emphasis supplied.)

The commission argues that the subsection above applies to the instant case and therefore the basis of the Oregon property should be the same as that of the Washington property for which it was exchanged. The basis for the Washington property would be determined under ORS 316.266(6), *supra,* based upon the fair market value of the Washington property which was acquired by "bequest, devise, descent or inheritance." ORS 316.266(8)(a) above is applicable only "upon an exchange to which ORS 316.281 applies." Looking to ORS 316.281, which is a nonrecognition of gain statute, it states: "[N]o gain or loss shall be recognized if property used in a trade or business *  *  * is exchanged solely for property of a like kind  *  *  *." However, the provisions of this statute could not have applied to plaintiff at the time of the exchange because at that time the property which the

plaintiff exchanged was Washington property and plaintiff was a resident of Washington. Gain or loss could not have been recognized by the State of Oregon because of a lack of jurisdiction. Therefore, there could be no gain for the nonrecognition section to operate on. Thus ORS 316.266(8)(a) did not apply because it depended on the application of ORS 316.281 which also did not apply.

The plaintiff contends, and correctly so, that his basis in the Oregon property is his cost under ORS 316.266(2) which states the general rule of taxation that the basis in property "shall be cost of the property." Cost, as the plaintiff contends, can be considered in terms of the value of the property exchanged and does not depend on the form of the wealth transferred. It could be money or personal or real property. In this case the Oregon property was acquired in exchange for the Washington property. Instead of using money to acquire the Oregon property the plaintiff used his Washington property. At the time of the exchange, in an arms' length transaction, the parties agreed that the value of each property was $91,800. The tax commission does not dispute this value. The plaintiff's basis in the Oregon property for the purpose of reporting the sale in 1962 was $91,800.

The deficiency assessed by the defendant is set aside.